IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Jeffrey Kennington, on behalf of himself and all others similarly situated,** § § § | | |
| **Plaintiff,** § § | | |
| v. § § | Civil Action No. 2:20-cv-177 | |
| **Select Employment Services, Inc.,** § § | Jury Trial Demanded | |
| **Defendant.** § | Collective Action | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Jeffrey Kennington ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Select Employment Services, Inc. ("Defendant" or "Select Employment"), showing in support as follows:

**I.**

**NATURE OF THE CASE**

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPPA").

2. Plaintiff was an hourly paid nurse employed by Defendant. In addition to that hourly pay, Defendant also paid Plaintiff hourly based shift differential pay when he worked nights and/or weekends. Defendant did not include that shift differential pay in calculating Plaintiff's regular rate of pay under the FLSA/PPPA. Defendant's failure include such shift differential pay in calculating Plaintiff's regular rate of pay resulted in Plaintiff not being paid time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek as an employee of Defendant in violation of the FLSA/PPPA.

3. Plaintiff files this lawsuit individually and on behalf of all current and/or former hourly paid employees of Defendant who are and/or were employed as nurses, receive and/or received additional hourly shift differential pay for night and or weekend work, and are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek in the relevant time period due to Defendant not including that shift differential pay in their respective regular rates of pay.

4. Plaintiff and the collective action members seek all damages available under the FLSA/PPPA including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

5. Plaintiff also brings an individual claim against Defendant for retaliation under the FLSA/PPPA. A few weeks prior to Plaintiff's termination, he complained to his immediate management, and to Defendant's national human resources department, about not being paid all overtime wages owed. Plaintiff experienced adverse employment actions in violation of the FLSA/PPPA, including termination of his employment, because of those complaints.

## II.

## THE PARTIES, JURISDICTION, AND VENUE

**A.    Plaintiff Jeffrey Kennington**

6. Plaintiff is a natural person who resides in Bowie County, Texas. He has standing to file this lawsuit.

7. Plaintiff was an employee of Defendant.

8. Plaintiff was employed by Defendant from approximately November 2016 to approximately mid-June 2018.

9. Plaintiff worked as a nurse for Defendant at Select Specialty Hospital in Longview, Texas.

10. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPPA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is filed as Exhibit A to this Complaint.

**B.**     **Collective Action Members**

11. The putative collective action members are all current and/or former hourly paid nurses of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.  All remuneration paid to the putative collective action members, including shift differential pay, is and/or should have been included in calculating their respective regular rates of pay. Defendant's failure to include that shift differential pay in the respective regular rates of pay for the putative collective action members results in/resulted in an underpayment of the FLSA/PPPA overtime wages owed. Because Defendant did not and does not pay all overtime premium compensation to its hourly paid nurses who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA/PPPA.

12. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

13. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

## C.     **Defendant Select Employment Services, Inc.**

14. Select Employment is a for-profit corporation organized under the laws of the State of Delaware and has its principal place of business located at 4714 Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

15. During all times relevant to this lawsuit, Select Employment has done business in the State of Texas; specifically, hiring and paying nursing and medical assistant staff to work at medical facilities in Texas.

16. At all times relevant to this lawsuit, Select Employment is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant to this lawsuit, Select Employment employed, and continues to employ, two or more employees.

18. At all times relevant to this lawsuit, Select Employment employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

19. For example, Select Employment employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include medical equipment, medical supplies, and communications equipment.

20. On information and belief, at all times relevant to this lawsuit, Select Employment has had annual gross sales or business volume in excess of $500,000.

21. Select Employment may be served with process by serving its registered agent, Corporation Trust Co., at 1209 Orange St., Wilmington, Delaware 19801.

    **D.**    **Jurisdiction and Venue**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

24. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

25. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA/PPPA.

26. Venue is proper in this Court because Plaintiff worked for Defendant in Gregg County, Texas, which is in the Eastern District of Texas.

### III.

### FACTUAL BACKGROUND

27. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

28. Select Employment is a company that provides nurses to staff medical facilities in Texas and states other than Texas ("medical staffing services)".

29. In connection with those medical staffing services, Select Employment represents that it is the employer of record.

30. Plaintiff was employed by Defendant in connection with its medical staffing services.

31. Plaintiff was paid on an hourly basis by Defendant. Plaintiff's hourly pay was generally $42.00 per hour.

32. Additionally, Defendant paid Plaintiff additional hourly pay when he worked hours that were during nights or weekends.

33. Defendant did not include the additional hourly pay for night and/or weekend work in calculating Plaintiff's regular rate of pay under the FLSA/PPPA for workweeks in which Plaintiff worked over 40 hours.

34. Defendant's failure to include the additional hourly pay for night and/or weekend work in calculating Plaintiff's regular rate of pay resulted in an underpayment of the overtime wages Defendant owed Plaintiff under the FLSA/PPPA

35. In providing medical staffing services, Defendant employs numerous employees, including nurses like Plaintiff.

36. Like Plaintiff, those nurses are paid on an hourly basis.

37. Like Plaintiff, those nurses are also paid additional hourly pay for working nights and/or weekends that Defendant does not include in calculating the regular rate of pay relative to the FLSA/PPPA.

38. Like Plaintiff, those other nurses regularly work in excess of 40 hours in their respective seven-day workweeks.

39. Like Plaintiff, those other nurses are not paid all overtime wages owed under the FLSA/PPPA due to Defendant's failure to include that additional night and/or weekend pay in their respective regular rates of pay.

40. The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA/PPPA.

41. Plaintiff complained to Defendant about not being paid all overtime wages he reasonably believed he was owed. First, Plaintiff made that complaint to his immediate managers, Andrew and Geof. Plaintiff was told by immediate management that the overtime pay shortage would be fixed with the next budget. Plaintiff did not believe that was correct, so he elevated that complaint to Defendant's national human resources department. Plaintiff's immediate management then told Plaintiff they learned that he had made that complaint to Defendant's human resources department. Within a few weeks of those complaints, Defendant falsely accused Plaintiff of sexual misconduct. Plaintiff was not provided with the opportunity to see any alleged evidence or defend himself relative to that accusation. Instead, Plaintiff was told to sign some paperwork from Defendant which he believed to be an unjustified and improper confession to something he had not done. Plaintiff refused to sign that paperwork and was fired. But for Plaintiff complaining about unpaid overtime pay, his employment with Defendant would not be terminated when it was. But for Plaintiff complaining about unpaid overtime pay, Defendant would not have made false and damaging accusations against Plaintiff. Plaintiff has suffered damages as a result of Defendant's retaliation in violation of the FLSA/PPPA. Such damages include lost back wages, lost future wages, mental anguish damages, liquidated damages, and damages to his personal and/or professional reputation.

## IV.

## CONTROLLING LEGAL RULES

42. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess

of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

43. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

44. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

45. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

46. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Meadows v. Latshaw Drilling Co., LLC,* 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

47. Shift differentials must be included in calculating the FLSA/PPPA regular rate of pay. 29 C.F.R. § 778.207(b); *Meadows,* 338 F. Supp. 3d at 590.

48. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

49. It is unlawful for an employer to discharge or in any other manner discriminate against an employee because such employee has complained about not being paid all wages owed under the FLSA/PPPA. 29 U.S.C. § 215(a)(3).

## V.

## FLSA/PPPA CLAIMS

50. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

51. All conditions precedent to this suit, if any, have been fulfilled.

52. At all times relevant, Defendant has been an eligible and covered employer under the FLSA/PPPA. 29 U.S.C. § 203(d).

53. At all times relevant, Defendant has been an enterprise engaged in commerce under the FLSA/PPPA. 29 U.S.C. § 203(s)(1)(A).

54. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA/PPPA. 29 U.S.C. § 203(e).

55. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

56. Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

57. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

58. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

59. Defendant is and/or was required by the FLSA/PPPA to include all remuneration it paid to Plaintiff and the putative collective action members in calculating their respective regular rates of pay.

60. Defendant does not and/or did not include shift differential pay in calculating the regular rate of pay for Plaintiff and the putative collective action members.

61. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

62. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA/PPPA. 29 U.S.C. § 216(b).

63. Defendant's violations of the FLSA/PPPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were working overtime hours for which they were not paid all FLSA overtime wage compensation owed.

64. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

65. Defendant retaliated against Plaintiff for complaining about unpaid wages in violation of the FLSA/PPPA. 29 U.S.C. § 215(a)(3). Plaintiff seeks all damages available for Defendant's unlawful retaliation.

## VI.

## FLSA/PPPA COLLECTIVE ACTION

66. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

67. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former hourly paid employees of Defendant who: (a) are and/or were employed as nurses, (b) receive and/or received additional hourly pay for night and or weekend work, and (c) are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek in the relevant time period due to Defendant not including night and/or weekend hourly pay in their respective regular rates of pay.  Because Defendant did not and do not pay all overtime premium compensation owed to its hourly paid nurse employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

68. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

69. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.

## **JURY DEMAND**

70. Plaintiff demands a jury trial.

## VIII.

## **DAMAGES AND PRAYER**

71. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA/PPPA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA/PPPA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA/PPPA mandated wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest; and/or

   g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: June 2, 2020.

                                        Respectfully submitted,

By:    s/ Allen R. Vaught
          Allen R. Vaught
          Attorney-In-Charge
          TX Bar No. 24004966
          avaught@txlaborlaw.com
          Nilges Draher Vaught PLLC
          1910 Pacific Ave., Suite 9150
          Dallas, Texas 75201
          (214) 251-4157 – Telephone
          (214) 261-5159 – Facsimile

By:  */s/ Kenneth C. Goolsby*
          Kenneth C. Goolsby
          State Bar No. 24003668

**BOON CALK ECHOLS COLEMAN & GOOLSBY, PLLC**
1800 N.W. Loop 281, Suite 303
Longview, TX 75604
Telephone: (903) 759-2200
Facsimile: (903) 759-3306
Email: casey.goolsby@boonlaw.com

ATTORNEYS FOR PLAINTIFF